IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00026-MR

| | | |
|---|---|---|
| WESLEY FULBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU HODGES, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff, who is incarcerated at the Avery Mitchell Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. He names as Defendants Iredell County Sheriff's Office (ICSO) officers FNU Hodges, FNU Frye, and John Doe in their official and individual capacities. [Doc. 12 at 2-3, 12]. He claims that the Defendants violated "Fourteenth Amendment Due Process" when they broke into his residence on March 10, 2019 while serving a misdemeanor

warrant, arrested him, and searched his residence without consent, then later reentered with a search warrant. [Id. at 3]. As injury, he claims "loss of property" and "failure of guaranteed security from wrongful intrusion, taking, and breaking." [Id. at 5]. The Plaintiff seeks compensatory and punitive damages, injunctive relief, and any other relief to which he is entitled.[1] [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

---

[1] The Plaintiff states that he is not seeking relief from his criminal conviction. [Doc. 12 at 5].

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to sue the Defendants in their official and individual capacities. The official-capacity claims are again dismissed for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 10 at 5].

Here, the Plaintiff reasserts several of his claims of unreasonable search, unreasonable seizure, and property damage. [Doc. 12 at 4, 13-14; Doc. 12-1 at 1-2]. However, he now presents them solely as due process

3

Case 5:22-cv-00026-MR Document 13 Filed 09/27/22 Page 3 of 7

violations under the Fourteenth Amendment, rather than as Fourth Amendment violations.[2] [Id. at 3].

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (internal quotation marks omitted). The Fourth Amendment "provides an explicit textual source of constitutional protection against [unreasonable seizures and arrests]." Graham, 490 U.S. at 395. Accordingly, the Fourth Amendment's reasonableness analysis governs the Plaintiff's claims regarding: officers' entry into his home to arrest the Plaintiff on a misdemeanor warrant, United States v. Hall, 3:09-cr-19, 2009 WL 3165458 (W.D.N.C. Sept. 29, 2009); the seizure of items in plain view, Horton v. California, 496 U.S. 128, 136 (1990); the method of execution of a search warrant, United States v. Ramirez, 523 U.S. 65, 71 (1998); and the unnecessary or excessive destruction of property

---

[2] In the Complaint, the Plaintiff cited both the Fourth and Fourteenth Amendments. [Doc. 1 at 5-7]. The Court construed the Complaint as asserting Fourth Amendment violations via the Fourteenth Amendment's Due Process Clause. [See Doc. 10 at 6]. In the Amended Complaint, however, the Plaintiff exclusively relies on the Fourteenth Amendment.

in the course of executing a search, id. The Plaintiff's present attempt to "[d]ress[] … up" his Fourth Amendment claims in due process language "does not transform [them] into Fourteenth Amendment claim[s]." Smith v. Travelpiece, 31 F.4th 878, 885 (4th Cir. 2022));[3] see also Manuel v. City of Joliet, Ill., 580 U.S. 357 (2017) (holding that a Fourth Amendment detention claim cannot be converted into a due process claim); United States v. Colkley, 899 F.2d 297, 302 (4th Cir. 1990) (refusing to import due process principles into the warrant-application proceeding). The Plaintiff's present claims fail to state a claim under the Fourth Amendment, and they are dismissed for the same reasons discussed in the Order on initial review of the Complaint.[4] [Doc. 10 at 5-9].

---

[3] In Smith, the Fourth Circuit notes that some Supreme Court cases hold that due process provides additional requirements in limited circumstances, for instance, where the government seizes property to assert ownership and control over it, and not to preserve evidence of wrongdoing. Those examples lie "only at the edges of the Fourth Amendment's domain" whereas claims of an unreasonable search to secure evidence such as those presented in the instant case, lie "at the very heart of it." Smith, 31 F.4th at 885 n.6. The Plaintiff's claim for the "taking" of his property is discussed *infra*.

[4] The Plaintiff also attempts to demonstrate that success in this § 1983 action does not run afoul of Heck v. Humphrey, 512 U.S. 477 (1994). [See Doc. 12-1 at 2-3]. He argues that he is not attempting to challenge his conviction, sentence, or plea agreement, but rather, he is arguing only that the "described events of his arrest [are] evidence of defendants' actions that deprived Plaintiff of his property without compensation." [Id. at 2]. The Court declines to engage in a more detailed Heck analysis at this time in light of its conclusion that the Plaintiff has failed to state a claim upon which relief can be granted.

It appears that the Plaintiff is also attempting to state a Fourteenth Amendment due process claim for the "taking" of his property. [Doc. 12 at 5]. While this claim implicates the Fourteenth Amendment, it fails because the Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 128 (1990); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property"); Gallimore v. Sink, 27 N.C. App. 65, 67, 218 S.E.2d 181, 182 (1975) (same). As such, the Plaintiff has failed to state a claim under the Fourteenth Amendment, and this claim is dismissed.[5]

The Plaintiff's Amended Complaint, therefore, fails initial review. The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

---

[5] If the Plaintiff were attempting to assert a state law conversion claim in the instant case, the Court would decline to exercise supplemental jurisdiction over it because no federal claim has passed initial review. See generally 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction); see, e.g., Mora v. The City of Gaithersburg, MD, 519 F.3d 216, 231 (4th Cir. 2008) (declining to exercise supplemental jurisdiction over a due process argument that "sounds like a state law claim dressed up in due process clothing….").

## IV. CONCLUSION

In sum, the Court concludes that the Amended Complaint has failed to state a claim upon which relief can be granted, and it is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A for failure to state a claim upon which relief can be granted.

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge